IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID S. JOHNSON, #267-852      *
      Plaintiff
                              *
    v.                     CIVIL ACTION NO. WMN-06-2781
                              *
STATE OF MARYLAND et al.,
      Defendants           *
                       ******

DAVID S. JOHNSON, #267-852      *
      Plaintiff
                              *
    v.                     CIVIL ACTION NO. WMN-07-403
                              *
STATE OF MARYLAND et al.,
      Defendants           *
                       ******

## MEMORANDUM

Plaintiff brings these pro se actions against the State of Maryland, former Governor Robert L. Ehrlich, Jr., several state court judges, members of the State's Attorney's Office, as well as employees of the Public Defender's Office and court appointed attorney Brian J. Murphy.  Plaintiff also names as Defendants former Commissioner of Corrections Frank Sizer, Warden Jon P. Galley, Allegany County, Maryland, the City of Cumberland, Maryland, named and unnamed members of the Cumberland City Police Department, and the Cumberland City Police Department.  Lastly, Plaintiff names as defendants the Untied States Postal Service, Postmaster General John E. Potter and Postal Inspector M. Colaiacovo.  He asserts jurisdiction under 42 U.S.C. § 1983.[1]  Plaintiff has filed a motion for leave to proceed in forma pauperis, which shall be granted pursuant to 28 U.S.C. § 1915(a).

---

[1] Plaintiffs complaints are identical and accordingly consolidation is appropriate.

Upon review of the Complaint, the court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e).  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

## A.    Claims concerning plaintiff's criminal conviction

Plaintiff alleges that he was wrongfully arrested in 1995 and sues former Governor Ehrlich, state court judges, state prosecutors, public defenders, and police officers for their actions during the investigation of the case and his criminal, appellate and post conviction proceedings.  Plaintiff's claims against each of these individuals and entities must be dismissed. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 and nn. 6-8 (1994) ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated").  A plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question.  *Id.*  Plaintiff has failed to demonstrate that his conviction has been reversed, expunged or invalidated.[2]

## B.    Claims concerning access to legal materials

Plaintiff claims that Jon P. Galley, Warden of the Western Correctional Institution, Commissioner of Corrections Frank C. Sizer, and David Goad, Warden of the Allegany County Detention Center,  "provided excessively limited amounts of legal materials" which has limited his ability to research the law.  Paper No. 1.

Prisoners have a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430

---

[2]To the extent Plaintiff claims that he received ineffective assistance of counsel during his trial in State court, he is free to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.§  2254.

U. S. 817, 821 (1977).  *Bounds*, however:

> does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996).

To state a constitutional claim for denial of access to the courts, a prisoner must show that the alleged shortcomings "hindered his efforts to pursue a legal claim."  *Id.*, at 351.   Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."  *Bounds*, 430 U.S. at  825; *Hudspeth v. Figgins*, 584 F.2d 1347 (4th Cir. 1978).   In *Lewis*, the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable but only where the inmate is able to demonstrate actual injury from such deprivation. *Lewis*, 518 U.S. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim.  *Id*. at 354.  Rather, the *Lewis* Court concluded that *Bounds* stood essentially for the proposition that inmates are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."  *Id*. at 354.  Additionally, the Court found that "[b]ecause *Bounds* did not create an abstract, free-standing right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense."  *Id*.  at 351;  *see also O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997)(inmate must demonstrate that inability to gain access to legal

materials resulted in "actual injury" to his "capacity of bringing contemplated challenges to sentences or conditions of confinement before the courts"). Plaintiff has advised of no actual injury or specific harm which he has suffered as a result of the allegedly limited access to legal materials.

Furthermore, the Supreme Court in *Bounds* made it clear that access to the courts could be accomplished with either "adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. at 828 (emphasis supplied). A prisoner who has counsel available is not entitled to access to a legal materials, even if he chooses to proceed without assistance from counsel. *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996); *United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990); *George v. Lane*, 718 F.2d 226, 233 (7th Cir. 1983); *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978). It appears that at all times relevant to this case Plaintiff was entitled to representation by the Maryland Office of the Public Defender and/or other court appointed counsel. This entitlement is all that is required.

**C.    Claims concerning mail**

Plaintiff also brings suit against the Postmaster General and Postal Inspector for their alleged failure to investigate Plaintiff's concerns regarding his mail and his allegation that excessive fees are assessed to inmates using the postal service. Attached to Plaintiff's Complaint are several letters he wrote to the Postmaster General detailing his complaints. Plaintiff states that several letters he mailed regular mail were returned for insufficient postage when a "priority mail" sticker had been affixed to the envelope by an unknown person. Plaintiff also states that he mailed over three hundred letters regarding his legal situation and did not receive one response. He believes that the lack of response to his mass mailings indicates that his letters were not delivered. Paper No. 1, attachments.

Plaintiff's complaint against the Postmaster and Postal Inspector shall be dismissed.  Plaintiff has failed to allege that his mass mailing was delivered to the post office rather than having been confiscated by correctional officials. [3]  Likewise, Plaintiff has alleged no facts which would indicate that a postal employee was responsible for affixing the "priority mail" sticker to the returned letters.

While the interference by officials with certain types of mail may state a constitutional claim, occasional incidents of  delay or non-delivery of mail do not rise to a constitutional level.  *Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997); *Smith v. Mashner*, 899 F.2d 940, 944 (10th Cir. 1990).  Absent any assertion by Plaintiff that he suffered an actual injury (such as a missed legal deadline) as a result of his outgoing letter being confiscated, his complaint simply does not state a claim upon which relief may be granted.

## D.    Injunctive Relief

Accompanying Plaintiff's Complaint are several motions for injunctive relief.  Plaintiff asks this court to enjoin the Division of Corrections from tampering with his mail and restricting his access to the telephone. Paper Nos. 4, 5 and 6 in Civil Action No. WMN-06-2781 and Paper No. 3 in Civil Action No. WMN-07-403.

In order to obtain injunctive relief under F. R. Civ. P. 65, Plaintiff must demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendants will not be harmed if the requested relief is granted; (iii) the likelihood that plaintiff will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted. *Blackwelder Furniture Co. v. Selig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977); *Yakus v. United States*, 321 U.S. 414 (1944).

---

[3]Plaintiff seems to indicate he believes correctional officials confiscated his mail as evidenced by his numerous requests for administrative remedy filed with correctional officials regarding his mail. Paper No. 1, attachment.

Plaintiff's requests for temporary restraining orders shall be rejected in that his motions do not clearly establish that immediate and irreparable injury, loss, or damage would result to him if the requested relief is not granted.[4]   In short, the conditions set out by Plaintiff do not warrant immediate emergency relief.

A separate Order shall be entered reflecting the ruling set forth herein.


__5/14/07__                                              _____//s/_____
Date                                                    William M. Nickerson
                                                        Senior United States District Judge

---

[4] Inasmuch as Plaintiff has a forum for his complaint, equitable remedies, such as temporary restraining orders, shall not be given.